UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNIE MYERS,<br>   *Plaintiff*,<br><br>v.<br><br>DEUTSCHE BANK TRUST AMERICAS, AS TRUSTEE RALI 2006-QS4,<br>   *Defendant*. | Civil Action No. 1:14-cv-10259 |

DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT
(Memorandum of Law Incorporated)

NOW COMES Defendant, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS4 ("Deutsche, as trustee") and pursuant to Fed. R. C. P. 12(b)(6) hereby moves to dismiss all claims asserted by the Plaintiff, Donnie Myers in his verified amended complaint for failure to state a claim against the Defendant upon which relief can be granted. Myers allegations center around the actions in a Land Court action to determine if he was to be afforded relief under the Servicemembers Civil Relief Act. However, Myers has provided no facts that he was in the military and therefore he has no standing to dispute the Land Court action.

FACTS

On or about February 23, 2006, Myers granted a mortgage to MERS as nominee for Homecomings Financial Network, Inc. ("Mortgage"). Amended Complaint ¶4. The Mortgage encumbered the property at 50 Magnolia Street, Boston, Massachusetts ("Property"). The Mortgage was recorded at the Suffolk Registry of Deeds at Book 39103, Page 299. A true and

accurate copy is attached as Exhibit A hereto.[1]  On or about May 18, 2009, the Mortgage was assigned to Deutsche, as trustee by assignment recorded at the Suffolk Registry of Deeds at Book 44976, Page 286.  Complaint ¶5 and a true and accurate copy attached hereto as Exhibit B.

In Exhibit B to the Amended Complaint, Myers attached a letter sent to him in October 2008.  This letter references the fact he is in default and the fact that Homecomings Financial (the mortgagee) is a GMAC Company.  In 2009, Deutsche, as trustee commenced foreclosure proceedings as it was the current mortgagee and the fact that Myers was in default.  Amended Complaint ¶12.  Deutsche, as trustee filed an action in the Land Court in November 2012 to determine if Myers was entitled to benefits under the Servicemembers Civil Relief Act.  Amended Complaint ¶3.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 1950.

Furthermore, this Court can rely on matters of public record (e.g. past documents filed in this action) in its ultimate decision on the Bank of New York's motion to dismiss.  Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).

---

[1] A court can rely on matters of public record in its decision on a motion to dismiss.  Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).  A court may also rely on documents referenced in the plaintiff's complaint.  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

2

# ARGUMENT

## I. COUNT I OF THE COMPLAINT MUST BE DISMISSED AS MYERS HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY

To plead a claim of fraud, a plaintiff must "…state with particularity the circumstances constituting fraud…" Fed. R. Civ. P. 9(b). A claim for fraud requires proof that "(1) the defendant made a misrepresentation of fact: (2) it was made with the intention to induce another to act upon it: (3) it was made with the knowledge of its untruth; (4) it was intended to be acted upon, and that it was in fact acted upon, and (5) damage directly resulted therefrom." Fitzgerald v. Adzima, 939 N.E.2d 802, 802, 78 Mass.App.Ct. 1118 (2011) citing Equipment & Sys. For Indus., Inc. v. Northmeadows Constr. Co., 59 Mass.App.Ct. 931, 931 (2003), *citing* Graphic Arts Finishers, Inc. v. Boston Redev. Authy., 357 Mass.40, 44, 255 N.E. 2d 793 (1970).

The allegations in the Amended Complaint would not rise to the level of particularity required under the Federal Rules. Furthermore, at no point in the Amended Complaint does Myers allege how allegedly serving him at the wrong address damaged him (if in fact Deutsche, as trustee actually served him at an improper address). And finally, at no point in the Amended Complaint does Myers allege that the actions by Deutsche, as trustee induced him to act in a manner that he normally would not have acted. It appears from the facts that Myers has been in default of the Mortgage for close to five (5) years. The fact Deutsche, as trustee would foreclosure of the Property should be no surprise to Myers and he provides no admissible evidence that he would have acted otherwise.

### a. No Facts In The Amended Complaint Support An Improper Service.

Myers alleges that Deutsche, as trustee wrongly served him at an address that was not his primary residence. However, in ¶19 of the Amended Complaint, Myers referenced a Plymouth address but it does not correspond with any of the exhibits attached to the Amended Complaint.

3

That is the only reference to the alleged improper address. In fact, Exhibit C attached to the Amended Complaint is an Order of Notice in where service was made by publication in the Boston Globe. The Land Court determined that service was proper as it eventually entered judgment. Amended Complaint, ¶3, Exhibit A.

    **b. Myers does not have standing to raise a claim regarding an alleged failure of Deutsche, as trustee to have a registered agent.**

In ¶37, Myers makes an allegation that the alleged failure of Deutsche, as trustee to have a registered agent is fraud. The Secretary of State would be the entity that would move to revoke an entities ability to do business in Massachusetts. G. L. ch. 156D, § 15.30 et. seq. Furthermore, Myers filed an affidavit of service stating that he was able to serve the complaint. Docket, Doc. #18. It appears that since Myers has no standing to allege this claim, nor was he damaged by this allegation, it holds no merit.

As Myers has failed to state a claim for fraud, Count I of the Amended Complaint must be dismissed.

    **II.    DEUTSCHE, AS TRUSTEE MADE NO FALSE REPRESENTATIONS TO MYERS AND THEREFORE COUNT II SHOULD BE DISMISSED**

To state a claim for misrepresentation and/or deceit under Massachusetts law, Myers must provide admissible evidence that the Deutsche, as trustee "made a false representation of a material fact <u>with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon</u> and that the plaintiff relied upon the representation as true and acted upon it to his [or her] damage." <u>Barrett Assocs. Inc. v. Aronson</u>, 346 Mass. 150, 152, 190 N.E.2d 867, 868 (1963)(emphasis added).

The allegation under Count II is identical to Count I - that Deutsche, as trustee wrongly served him at an address that was not his primary residence in the Land Court action. As stated

4

above in the Amended Complaint, Myers referenced a Plymouth address but it does not correspond with Exhibit D of the Amended Complaint. In fact, nowhere in the Amended Complaint is there any documentation showing service to a Plymouth address. Furthermore, at no point in the Complaint does Myers allege how allegedly serving him at the wrong address damaged him.

Myers states that the Land Court action is void; however, that was solely a Servicemembers' Action. These actions are brought in Land Court to determine if the borrower is afforded protection under the Federal Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. §§ 501 et seq. A "servicemember proceeding is neither a part of nor necessary to the foreclosure process; it simply ensures that a foreclosure will not be rendered invalid for failure to provide the protections of the SCRA to anyone so entitled." HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 197, 981 N.E.2d 710, 715 (2013). Furthermore, "nonservicemembers have no interest in the proceeding." Id. Myers alleged nothing to allow this Court to believe he would have any standing in the Land Court Servicemembers' Action and therefore any allegation must be ignored.

Myers does allege that Deutsche, as trustee did not have standing, however that is incorrect. Deutsche, as trustee had an interest in Myers' mortgage as evidenced by the assignment of record. Exhibit B; *see also* Id. at 200. The Assignment was dated May 18, 2009 and the Land Court action was filed in November 2012. Amended Complaint ¶3. This Court recently decided a similar matter finding that the SCRA was a narrow action and if the borrower was not in the military, then they had no standing to dispute any of the actions of a Land Court action. JPMorgan Chase Bank, N.A. v. Healey, CIV.A. 12-11922-JCB, 2014 WL 1348033 (D. Mass. Apr. 2, 2014).

5

As Myers has failed to state a claim for misrepresentation, Count II of the Amended Complaint must be dismissed.

WHEREFORE, the Defendant, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS4, respectfully requests that this Honorable Court allows its motion for dismiss as the Plaintiff fails to state a claim in his amended complaint.

> Respectfully submitted,
>
> DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QS4,
> By its attorney,
>
> /s/ Jeremy R. Bombard
> Jeremy R. Bombard (BBO #669802)
> HOUSER & ALLISON, APC
> 45 School Street, 2nd Floor
> Boston, MA 02109
> P: (617) 371-0922
> jbombard@houser-law.com
> Dated: April 9, 2014

### CERTIFICATE OF SERVICE

I, Jeremy R. Bombard, hereby certify that this document, Answer to Complaint, filed through the ECF system on April 9, 2014, will be sent electronically to the registered participants as indentified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants.

> /s/ Jeremy R. Bombard
> Jeremy R. Bombard, Esq.