UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

DONNIE MYERS,
        Plaintiff,

v.                                                  No. 1:14-cv-10259-JGD

DEUTSCHE BANK TRUST AMERICA, AS
   TRUSTEE FOR RALI 2006-QS4,
        Defendant.

## PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

A complaint is sufficient for purposes of a motion to dismiss for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). See also *Dr. Ben Branch v. Federal Deposit Insurance Corporation*, 825 F. Supp. 384 (1993). Accepting all of the well pleaded facts and reasonable inferences to be drawn from those facts as true, the test is not whether the plaintiff will prevail on the merits, but whether the plaintiff has properly set forth a claim. See Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); *Gargano v.*

*Liberty International Underwriters Inc.*, 572 F.3d 45, 48 (1ST Cir. 2009); Fitzgerald v. Harris, 549 F.3d 46, 52 (1ST Cir. 2008).

### 1. PLAINTIFF'S AMENDED COMPLAINTCLEARLY SETS FORTH THE FRAUDULENT CONDUCT COMMITTED DEFENDANT BY THE DEFENDANT:

Having failed to secure foreclosure in its first effort, in 2009, when Plaintiff opposed its foreclosure attempt, Defendant commenced new foreclosure proceedings in 2012 and knowingly and purposely misled the Land Court by its proof of personal service on the Plaintiff when it knew and had reason to know that Plaintiff did not reside in Plymouth County.

The statements about service of process being completed in Plymouth County to the Land Court were made with the intention of inducing the Land Court's reliance to Plaintiff's detriment and in fact, resulted in a judgment of foreclosure against Plaintiff without providing a meaningful opportunity for Plaintiff to defend the action. In its Land Court filing (**Exhibit A to the Amended Complaint**) Defendant identified Plaintiff's address. As such, Defendant knew Plaintiff's address and, with knowledge, purposely claimed that Plaintiff resided elsewhere.

Defendant's statements and representations to the Land Court were clearly for the purpose and with the intent of causing the Land Court to rely on the statements and to act consistently on those statements and representations. Plaintiff has been damaged by the foreclosure. He has been denied opportunities to re-finance his mortgage at a lower, better rate, has incurred costs and expenses of bringing this action as well as attorney's fees.

### 2. DEFENDANT'S ACTS AMOUNT TO PURPOSEFUL IMPROPER SERVICE ON PLAINTIFF:

With specific regard to the service of process, Plaintiff alleged the defective service, which, as the Defendant notes is a public record that this Court may recognize. The defective

address, 29 Old Onset Road, Onset, Massachusetts 02558 is specifically alleged in the **Amended Complaint** at ¶20.

The Land Court's reliance on the defective service by publication ignores Plaintiff's right to timely contest the service where the Return on Order of Notice is particular as evidenced at **Exhibit D** to the **Amended Complaint**. After effectively denying his right to contest, Defendant claims that Plaintiff had no rights. If Plaintiff, or any borrower, has no rights, there is no need for statutes.

### 3. *HAVING NO RESIDENT AGENT IN THE COMMONWEALTH, DEFENDANT HAD NO STANDING TO MAINTAIN AN ACTION IN THE LAND COURT AB INITIO:*

Plaintiff's challenge to Defendant's failure to have a resident agent is not premised on service within the Massachusetts, but upon serving Defendant at its corporate headquarters in California. The failure to have a resident agent is central to Defendant's ability to initiate foreclosure and to have access to Massachusetts Courts. But for Defendant's *ab initio* violation of the provisions of G.L. c. 156D, §15.30, foreclosure would not have been possible and Plaintiff would not have been put to expense. Moreover, Defendant's failure to comply with Massachusetts corporate registration laws unfairly allows Defendant to prosecute the citizens of Massachusetts while simultaneously circumventing Massachusetts law.

Moreover, Defendant's failure to duly register with the Massachusetts Secretary of State underscores Defendant's disregard of Massachusetts authority, procedures and for the citizens, as well as establishing a pattern of behavior by the Defendant to ignore lawfully established court processes to the disadvantage of the citizens.

4. **DEFENDANT'S ACTS, AS ALLEGED, CONSTITUTED INTENTIONAL MISREPRESENTATION:**

Defendant's claims that the allegations of misrepresentation are insufficient ignores its own behavior and the allegations set forth in that regard. The allegations in the Amended Complaint clearly set out Defendant's purposeful conduct for which Plaintiff seeks redress. The conduct, the intent behind the conduct and the consequences of that conduct were adequately spelled out in the paragraphs set forth in Count Two of the Complaint.

WHEREFORE Plaintiff requests that the Defendant's motion be denied.

PLAINTIFF
Donnie Myers,

By his Attorney,

_____
William M. White, Jr.
BBO#: 546283
William M. White, Jr. and Associates, LLC
218 Lewis Wharf
Boston, MA 02110
617. 720.2002

CERTIFICATE OF SERVICE

 I CERTIFY THAT THE ATTACHED DOCUMENT, <u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT</u>, FILED THROUGH THE ECF SYSTEM ON April 22, 2014, WILL BE SENT ELECTRONICALLY TO THE REGISTERED PARTICIPANTS AS IDENTIFIED ON THE NOTICE OF ELECTRONIC FILING (NEF) AND PAPER COPIES WILL BE SENT TO THOSE, IF ANY, INDICATED AS NON-REGISTERED PARTICIPANTS.

              _____
              WILLIAM M. WHITE, JR.

April 22, 2014