UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNIE MYERS,<br><br>      Plaintiff,<br>v.<br><br>DEUTSCHE BANK TRUST<br>AMERICAS, AS TRUSTEE RALI<br>2006-QS4,<br><br>      Defendant. | CIVIL ACTION<br>NO. 14-10259-JGD |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS**

September 8, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

The defendant Deutsche Bank Trust Americas, as Trustee RALI 2006-QS4 ("Deutsche"), purports to be the holder of a mortgage that the plaintiff, Donnie Myers ("Myers"), granted to MERS as nominee for Homecomings Financial Network, Inc. in 2006. See Am. Compl. (Docket No. 24) ¶ 4, Ex. A. The mortgage encumbered real property located at 50 Magnolia Street, Boston, Massachusetts – the plaintiff's home. See id. at ¶ 21. The mortgage is in default, and Deutsche commenced foreclosure proceedings by filing an action in the Massachusetts Land Court to determine if Myers was entitled to benefits under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 501 et seq. ("SCRA") (the "Land Court action or proceeding"). See id. at ¶ 3, Ex. A.

Thereafter, Myers commenced this matter challenging, <u>inter</u> <u>alia</u>, Deutsche's actions in bringing the Land Court proceeding. Specifically, Myers challenges Deutsche's standing as holder of the mortgage, alleges that Deutsche failed to give him notice of the Land Court proceeding by listing an improper address for him, alleges that the court filings made by Deutsche regarding its publication of notice of the Land Court action were inaccurate, and contends that Deutsche could not commence the Land Court proceedings because it did not have a registered agent at the time suit was filed.[1] Such actions, according to Myers, constitute fraud (Count I) and misrepresentation (Count II).

This matter is before the court on the Defendant's Motion to Dismiss the Amended Complaint (Docket No. 25). By this motion, Deutsche is seeking dismissal of the entire complaint on the grounds, <u>inter</u> <u>alia</u>, that Myers lacks standing to challenge the sufficiency of the Land Court proceeding since, it is undisputed, he is not in the military. The parties have consented to the Magistrate Judge's final jurisdiction over this case pursuant to 28 U.S.C. § 636(c). For the reasons detailed herein, this court agrees that Myers cannot challenge the sufficiency of the Land Court action. The motion to dismiss (Docket No. 25) is ALLOWED.

---

[1] The Amended Complaint itself is somewhat confusing, but counsel clarified the allegations at oral argument and confirmed that Deutsche's filing of the Land Court action formed the crux of the instant case.

## II. ANALYSIS

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint.'" Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). Applying this standard to the instant case, this court will consider the filings in the Land Court action and the documents filed with the Registry of Deeds, copies of which are attached to the parties' pleadings.

### Myers Lacks Standing to Challenge Land Court Action

It is undisputed that Deutsche, as the purported holder of a mortgage given by Myers, filed a complaint in equity in the Land Court, under the Massachusetts Soldiers' and Sailors' Civil Relief Act, to determine if Myers was entitled to foreclosure protections under the SCRA. See HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 194, 981 N.E.2d 710, 713-14 (2013) (the Massachusetts Soldiers' and Sailors' Civil Relief Act "provides a procedural framework for ascertaining whether mortgagors are entitled to

protections under the SCRA"). "Servicemember proceedings 'occur independently of the actual foreclosure itself and of any judicial proceedings determinative of the general validity of the foreclosure.'" Id. 196, 981 N.E.2d at 715 (quoting Beaton v. Land Court, 367 Mass. 385, 390, 326 N.E.2d 302, 305 (1975)). The purpose of such proceedings is to protect persons "in the military service or recently discharged therefrom" in connection with the foreclosure of their properties. Beaton, 367 Mass at 390, 326 N.E.2d at 305. The proceeding is "limited to the determination of a very limited issue: whether the defendant is entitled to the benefits of the SCRA." JP Morgan Chase Bank, N.A. v. Healey, No. 12-11922-JCB, 2014 WL 1348033, *1 (D. Mass. April 2, 2014) (and authorities cited).

The Massachusetts Soldiers' and Sailors' Relief Act makes it clear that only those defendants who are entitled to the protection of the SCRA, or those acting on their behalf, are entitled to appear and be heard in the Land Court proceeding. HSBC, 464 Mass. at 198, 981 N.E.2d at 717. Thus, mortgagors who are not entitled to the protection of the SCRA have no standing to appear in the Land Court proceeding. This is true irrespective of the type of challenge being proffered by the mortgagor. For example, a non-serviceman cannot bring a claim in the servicemen's proceeding challenging the validity of the mortgage or the mortgagee's right to foreclose on the property. See id. at 194, 981 N.E.2d at 714 (mortgagor has no standing to assert in Land Court Servicemen's action that the mortgagee did not hold the note or mortgage); Beaton, 367 Mass. at 389 n.5; 326 N.E.2d at 305 n.5 (mortgagor cannot assert in Land Court Servicemen's proceeding a

claim that the notice issued in the Land Court proceeding was unconstitutional, or that another bill in equity to redeem and discharge the mortgage was pending, or that there had been no breach of condition of the mortgage).

In the instant case, Myers is not seeking to assert his rights as a serviceman. In fact, it is undisputed that he is not entitled to the protection of the SCRA. Since he was not entitled to appear and be heard in the Land Court action, his contention that Deutsche had improperly deprived him of notice of the proceeding by listing an incorrect address does not state a claim. Similarly, Myers' challenge to Deutsche's filing of the Land Court action because it allegedly was not the holder of his mortgage, or did not have a registered agent, cannot be maintained, since he had no right to appear in the Land Court proceeding. The same is true with respect to his contention that Deutsche's filings with the Land Court were false and misleading. In sum, even accepting as true the allegations of the Complaint, Myers has failed to state a cognizable claim against Deutsche relating to its actions in initiating and prosecuting the Land Court proceeding.[2]

### III. ORDER

For all the reasons detailed herein, the Defendant's Motion to Dismiss the Amended Complaint (Docket No. 25) is ALLOWED. However, the dismissal will be without prejudice, as the record is insufficient to determine whether the plaintiff cannot state any cause of action against Deutsche.

---

[2] In light of this conclusion this court will not address Deutsche's other challenges to the sufficiency of the Complaint.

/ s / Judith Gail Dein  
Judith Gail Dein  
U.S. Magistrate Judge